We will now move to the last argument of the day, and that's Bryan v. Credit Control. Ms. Hardy, you may proceed to reserve three minutes for rebuttal. The FDCPA requires that a debt collector identify the name of the creditor to whom the debt is owed, also known as the current creditor. Credit Control's initial collection letter to Mr. Bryan did not identify the current creditor. Credit Control's letter to Mr. Bryan identified the original credit grantor as Chase Bank, U.S.A., and it identified Kohl's Department Stores, Inc. as the client. As such, the collection letter did not comply with the Fair Debt Collection Practices Act. Here, the entity that extends credit is Capital One Bank, not Kohl's Department Stores. The underlying debt is a private brand credit card issued by a bank to be used at Kohl's Stores. Chase was the originating bank until 2011. Thus, Credit Control acknowledges that there is a bank behind the account. However, at the time of default and at the time that the letter at issue was sent, Capital One owned the debt, not Kohl's Department Stores. And Kohl's Department Stores had some servicing function, but it was not the owner of the debt. Was the customer aware? Would a customer under this circumstance be aware of the fact that the credit card holder was the creditor to whom the debt is owed, apart from the argument that you're making in terms of just the knowledge of the individual based upon the transaction that had occurred? They've got a Kohl's card, and Kohl's, in effect, is speaking on behalf of that creditor, collecting. You could pay off Kohl's, and you could pay off the debt. The person would think that maybe that Kohl's was the person who was the creditor to whom the debt was owed because of the way the transactions were configured. Isn't that correct? That Kohl's, that a reasonable consumer would not necessarily know that Kohl's was not the creditor to whom the debt is owed. And that was the way the arrangement had been set up. The arrangement had been set up in a manner where Kohl's was involved with the issuing, but the debt was owned by Capital One. And the debt was owed to Capital One. Well, there's a cardholder, a card member agreement, right? Yes. And that's with the actual cardholder, correct? And that identifies the bank as the creditor and issuer of the account, right? That's correct. And it says that Kohl's is merely an agent that services the account on Capital One's behalf, right? That's correct. And that's something the cardholder would have had. I mean, the print is this big, but they would get that when they're filling out an application for a card, right? That's correct, but the FDCPA does require disclosure of the creditor to whom the debt is owed, and a consumer is entitled to know at the time that they receive a collection letter who the current creditor is. No, I understand that. My point is, I think I'm agreeing with you. So the cardholder agreement, the card member agreement identifies Capital One as the creditor and issuer of the account. That's correct, Your Honor. And the notice, the collection letter, identifies Chase as the original credit grantor. Yes. And it simply identifies Kohl's as client. Yes. But Kohl's, under the terms of the card member agreement, is not a creditor at all. That's correct. And I would also add that, additionally, the private brand credit card participation program, the agreement between Kohl's and Capital One also identifies Capital One as the owner, and that can be found at Appendix 75 and a few other places in the record. Capital One is identified as the owner, and Kohl's is identified as a servicer. It specifically states, at all times, excuse me, it specifically states, open quote, at all times, the bank is considered to be the creditor on the account, close quote. And that's at Appendix 75. And that's the agreement between Kohl's and the bank. Yes. I mean, that agreement was cited, not that language, but that agreement was cited by the district court in the opinion. That's correct. But in reaching a different conclusion, which was that Kohl's is a creditor because it was sort of a joint enterprise between the bank and Kohl's. That's correct. The district court's decision outlined the function of Kohl's, but what it effectively outlined was Kohl's functions as a servicer. Kohl's is not the owner of the debt. The district court gave a more – The site you just gave me? Appendix 75. Okay. But, I mean, look, I think the point is that somebody getting a notice of collection that didn't say Kohl's, it just said the name of a bank, would probably be confusing, as it turns out, to the debtor, wouldn't it? Well, we're not suggesting that a description can't be – an appropriate language would be, this is concerning your – excuse me – Capital One is your current creditor on your Kohl's department store account. You need more information, but you can still reference Kohl's. You can still reference Kohl's, but that doesn't satisfy the requirements of 1692G. You have to reference Capital One is your point. That's correct, Your Honor. But it sounds like sort of a – potentially just a footfall, right, just a technical error. No, I think it impacts – well, it does impact the structure. There's two statutes here, right, or two provisions. Yes.  And then there's 1692E, which says that it's improper to file – you know, to use a collection letter or to engage in collections through misrepresentations. That's correct. And for that, there's a materiality requirement, right? Yes, and the materiality requirement is satisfied here. The information that the disclosure of Kohl's is material for several reasons, one being the interest rate. Kohl's – in order to charge the interest rate that's charged on the account at issue, which is 26.49 percent, you need a national bank connected to the credit card, to the account. This was the basis of the arrangement between Kohl's and Capital One. If this – if Kohl's, in fact, were the credit – were the current creditor, it would be violating New York's criminal usury law. Again, the letter doesn't say that Kohl's is the current creditor. Well, that was the interpretation. That was the district court's interpretation. But in terms of materiality, the letter says that the original credit grantor was Chase. Which is incorrect. And presumably, that would convey all the information that you just talked about, about what the maximum interest rate would be, right? Chase was incorrect, but it would also impact the statute of limitations. Why do you say that? Well, the statute of limitations on an – excuse me – the statute of limitations on an unsecured consumer debt in New York is determined on the – based on the location of the creditor. In the situation of Kohl's, the statute of – Kohl's is located in Wisconsin. It will be subject to a six-year statute of limitations period, as opposed to Capital One, which is located in Virginia, and will be subject to a three-year statute of limitations. Three years and a six year as well. But New York – the information that's contained on the New York State Court's website that's maintained for pro se consumers or pro se defendants advises that the New York rule for statute of limitations is determined based on the location of the creditor. So we – Where's Chase? I'm not sure, Your Honor. Chase isn't involved in the account. Well, but that's what – well, I'm saying in terms of materiality. Well, if – The misinformation led to a – to a misunderstanding as to what the statute of limitations is that might be material. But if the information on the collection letter wouldn't have any impact on what the understood statute of limitations was, because Chase's is the same as Capital One's, then I – perhaps it wouldn't be material. I think that would be a narrow view of the problem. The statute requires the disclosure. And if – and I don't know what the statute of limitations for Chase is, but if in this instance, say, for argument's sake, it happens to be the same, then we've set forth a standard of law that is based on a narrow factual situation. Well, at any rate, the district court didn't make any materiality finding. The district court just basically said there's nothing false or misleading about this because Coles is a creditor and that's what the letter says, right? That's correct. And I want to – You also made an argument, did you not, about the likelihood of suit? That's the next point I was going to address. Without Capital One being disclosed, a reasonable consumer might think that there was no likelihood of suit. Right, because Coles has not filed suit against a New York consumer. However, Capital One routinely files consumer collection suits. Well, I see you're over and we can't blame it on Judge Lynch this time. So we're going to give you, what did you say, two minutes, three minutes for rebuttal. Thank you. And it's Mr. Watts. Yes, Your Honor. Good morning, Your Honors. May it please the Court. My name is Patrick Watts. I represent Credit Control, a company who issued an initial collection correspondence on behalf of Coles Department Stores, Inc., the creditor to whom the debt was owed in this case. Coles is the creditor to whom the debt was owed? That is correct, Your Honor. How are they a creditor at all? Because if you step back and look at the definition of creditor under 1692A4, a creditor is simply a person to whom the debt is owed. But the debt isn't owed by them, right? They're just a conduit. Well, they're . . . It's owed to the bank. And the documents between the card member and, well, the application for the card says that the creditor is the bank, right? The documents you referenced do say that, yes, Your Honor. It doesn't say Coles is a creditor. No. In my position . . . Because they're a servicer, right? That is correct. And a servicer and a creditor are not two mutually exclusive items. Are there two creditors here? There could be, Your Honor. I'm saying that certainly Coles qualifies as a current creditor under the statute. Under 1692A4 . . . Doesn't the credit card company have to be paid off? Isn't the debt owed to the credit card company? The debt is paid to Coles in the name of Coles, ultimately ending up, and this is set forth in the record as far as the revenue sharing agreement, between Coles and Capital One . . . Who expended the credit in the first place? That is a difficult question. It's a tripartite relationship. So Coles provides the goods. Coles processes the application. The bank provides the money. Coles provides the goods. And then ultimately . . . The bank provides the money to Coles, pays for the goods, right? Yes. The bank collects from the customer. No, that is incorrect. It becomes part of the credit card debt. That is the importance in the tripartite . . . That's what I want to know. That's the importance of this tripartite relationship. Coles, at every stage of this relationship, made those collection efforts. The agreement requires Coles to make those collections. That's right. That's what they're required to do. But it's not clear to me why they're a creditor. They collect the money. They're good at collecting the money. This is their customer. But they have to pay the bank, which is the creditor, right? They have to pay some of the money to the bank. So what is the purpose of putting the bank on the collection notice at all? I mean, you put Chase Bank on there as the original credit grantor. Why is it even necessary to do that? I'm not sure that it is necessary, Your Honor. Certainly 692G allows for the consumer to ask for the original creditor to whom the debt is owed. Well, it looks like an acknowledgment that the credit grantor was the bank, not Coles. I mean, the letter doesn't call Coles a creditor at all. And it also doesn't call Chase Bank a creditor. It calls the original credit grantor. And given the complexities of this tripartite relationship, I believe that is a better description for how Coles operates here. The payments were made at all times to Coles in the name of Coles. All servicing activities, all phone calls, all efforts, all communications with the consumer would have been to Coles for purposes of facilitating only Coles purchases. And, again, in the second part of my argument, Your Honor, that I do need to address, is that the agreement attached to the amended complaint requires Capital One to operate in the name of Coles in its collection activities. That is our doing business as argument. And this court in McGuire — You're saying that the two are interchangeable. They are interchangeable. They're a part of the — It's not the bank that authorized Coles to be the creditor. That is correct. And, actually, Coles has licensed its name to Capital One for purposes of Capital One's billing and collection efforts. Do you think that Coles could bring a lawsuit against the plaintiff in this case? Yes, I do think that Coles could. Do you think Coles would have standing to bring a lawsuit against Mr. Ryan for not paying the credit card debt? I think that's a possibility. Do you think that Capital One has authorized Coles to do that? Yes. They've authorized all collection activities, all servicing activities in the agreement to Coles. Coles is the only point of contact with the consumer in connection with this case. In the case of McGuire v. Capital Services, this court has decided or has suggested that creditors — It is appropriate at times for creditors to use doing business as names so long as those names existed from the beginning of the credit relationship. Completely separate names than the business. So it was Capital Services, I believe, and McGuire was doing business as collection services. And the court found against the collector in that case. But the reasoning they found against the collector is because the original creditor used this secondary name way after the credit relationship had started. So it was important to the court that a creditor can't just switch names halfway through. Here, the Coles name was literally in the opening credit agreement. It's a Coles credit card agreement by definition and name. So if you go back to the statutory definition of 1692A4 of a creditor, it is a person to whom the debt is owed, which specifically contemplates servicers and assignees of a debt. If you look at the — You say specifically contemplates. Yeah, I'll explain that, Your Honor. And what I mean by that, if you look at the — in 1692A4, the definition of creditor, if you look at the exception to the definition of creditor, it contemplates being accepted from that definition of creditor assignees or transferors who take the debt after default. Right. So it clearly contemplates — in the way I view it, it clearly contemplates the potential that a creditor could be an assignee. Otherwise, that exception would be assignee servicer versus owner. Otherwise, that exception would be a waste of time. Why would — I mean, Capital One was assigned this, right? It was originally — No. And then Capital One took over for Chase. I would say that the debt was transferred to — and the statute makes that distinction in the definition of creditor — transferred in the exceptions of the definition of creditor, transferred to Capital One. And it's assigned to Chase. In Cohen, in this Court's decision in Cohen, the Court found that Greentree, the mortgage servicer, never an owner of the debt, qualified under that exception to the definition of creditor as an assignee, as a servicer. Because it took the debt after default in Cohen. That was a recent decision of this Court. So in my mind, if the Court is applying the exception to non-owner servicers because they take the debt after default, certainly the definition of creditor could apply if they take the assignment or servicing activities prior to default. And I think Cohen supports that notion, generally speaking. So — and there's a couple other issues I'd like to address. Certainly statute limitations are — Let's go back to the actual form that was sent. The letter — Credit card agreement. No, the letter that was sent — Yes. — to the plaintiff doesn't anywhere say that anybody is the creditor to whom the debt is owed. Right? That is correct, Your Honor. And this Court and other courts have held that so long as the letter isn't confusing or misleading, those types of magic words aren't required. You don't have to actually use the word current creditor. You don't have to use the actual word. I'm sorry. But does client — is there authority that client conveys the information that this is the creditor to whom the debt is owed? We have cited a handful, I believe, of district court decisions, most of them recent, which have decided that either the use of our client or even in some cases no descriptor at all, when you say we're collecting this account for R.E. Chase Bank, that the least sophisticated consumer would understand that a debt collector collects on behalf of Chase Bank, the creditor, in that instance. So at least in your view, that client designation is what tells you who the current creditor is. Not only that. Then this legal argument that you're supplying tells us that it's okay that that be Kohl's, because what that really means is Capital One, DBA, Kohl's Department Store. That's one of my arguments. The other argument is Kohl's actually qualifies purely as a person to whom the debt is owed. Well, that's interesting, because the statute refers to the current creditor, the person. It does. Not to a person. That is correct, Your Honor. And it's very important to look at this statutory provision, 1692G and the congressional history, when making the determination of who should be supplied in that type of context. This Court has said that when you interpret whether 1692G has been satisfied, you simply look at how the least sophisticated consumer would view that and whether it was clearly conveyed. And when you're talking about the G notice, it's the initial validation process. It only goes in the initial letter so that the purpose and the statutory purpose was to put the consumer, and the legislative history supports it, put the consumer on notice of what the debt is, so they know whether to dispute the debt in the 30 days in G or not to dispute the debt. It's not about putting them on notice of doing an affirmative defense statute of limitations analysis for a case that could be filed in six years. So, and your argument would be that if the notice had just specified capital one, while that might be the creditor in a sense to whom the debt is owed, that would be misleading because the person wouldn't know the debt. I will say this, Your Honor. The court in Cohen noted that possibility, Fannie Mae being kind of an undisclosed owner of the debt. The court in Cohen said exactly what you just said. Just disclosing Fannie Mae would have been confusing because the consumer never knew. Can you give me any reason at all why the original credit grantor is on the note, is on the notice? It was probably my client, and this is an assumption. Maybe an old form or something? My guess is they were trying to best explain the fact that Chase Bank was not actually the creditor under 6992G, but this is me speculating, and I don't want to go far. So because of the difficult and very complicated relationship, Kohl's and Capital One in this type of tripartite retail relationship where Kohl's, this is more than just the standard one where the bank takes over the billing. This is Kohl's, you know, at every single point of the stage, even to hiring the debt collectors and going through the process. They take the phone calls, the statements are issued in the name of the Kohl's, the billing records are in the name of the Kohl's, and payment are made to Kohl's. You write your check to Kohl's. You do. You mail it to an address where maybe it's a post office box, but it's a Kohl's-owned post office box. That is my understanding, Your Honor, and more importantly, you log into Kohl's.com to pay your Kohl's bill, which is even a better example of what you're referring to. You do not log in to Capital One or Chase Bank, and the consumer has no interaction with them. So when you're asking whether the consumer, and by the way, the header on 1692 GA is Notice of the Debt, and I know that's not actually part of the statutory text. It requires you to name the creditor to whom the debt is owed. Yes, Your Honor. I don't think the header gets you anything. Well, it only supports the general legislative intent that the purpose of that was to put the consumer on notice of whether they should step up and dispute the debt in 1692 G or whether they should just pay it or whether they, you know. So 1692 G was because there's a third-party debt collector sending a notice that the consumer may not recognize, and the purpose of it was to allow the consumer simply to say, oh, I remember that, and Kohl's is the main entity here, which triggers that I bought a pair of blue jeans at Kohl's, thinking on the consumer, which is exactly what 1692 GA and its universe is intended to do, or no, I never went to Kohl's. I hate Kohl's. My wife doesn't shop. So, you know, she knows not to shop at Kohl's. So it's that from the perspective of the least sophisticated consumer, which is how this court is supposed to analyze whether it was clearly conveyed, it is unquestionably Kohl's, and Kohl's and Capital One operate as DBAs doing work together. Your Honor, I am way over on my time. I'm sorry. Well, that's par for the course. But what's the reason for including Chase Bank on this thing? Your Honor, I don't know the reason for including Chase Bank, other than it was probably an attempt to include the name of the original funder of the debt. A gratuitous attempt, probably. Do we know when this particular plaintiff opened the account, and at that time it was Chase? Because there's a date in the record for when it stopped being the banker and Capital One became it. I believe it was 2011, that transfer occurred. In the record, it's uncontroverted that it was Chase when the account was opened. That is undisputed between the parties. And it switched to Capital One by the time my client had taken over, and it was assigned by Kohl's for payment to Kohl's, with Kohl's being the only party that a consumer would ever have any idea existed, by admission of the appellant's own argument in this case. And so not only are they the same entities by contract and by assignment of their names to each other in trademarks, they're the same entities, Kohl's and Capital One are the same entities. Was the bank credit control aware of the fact that Bank One was now the card provider? I can't answer that, Your Honor. I would anticipate that they were, but I cannot answer that. It wouldn't be indicated, the contrary would be indicated from the notice. I would think that the normal procedure that I'm used to is that they would receive a full data file from Kohl's, and it plugs into their system, but I don't know the answer to that, and that's certainly not in the record. Okay, we'll hear from Ms. Harding for three minutes. To address some of the matters raised by credit control, the first point is Cohen v. Rozicki is distinguishable from this case, and Cohen v. Rozicki, the first point is that Green Tree was assigned the debt. Green Tree had the right to file suit in its own name to enforce the debt. That's not the situation here. Neither of the entities identified on the collection letter could have filed suit in their own name to enforce the plaintiff's debt. Your adversary didn't say that. Your adversary said that, in effect, it was doing business as Kohl's, and therefore it could be Bank One doing business as Kohl's, and therefore Kohl's could sue, right? Kohl's could not have filed suit, but then that brings me to an argument I was going to put to the end of my time. The agreement between Kohl's and Capital One recognizes Kohl's and Kohl's Charge. The letter identifies Kohl's Department Stores, Inc. It's a totally different entity than the entity that counsel is referring to as being the DBA of Capital One. So that creates another layer of confusion. With respect to counsel – oh, I'm sorry. Again, with respect to Cohen v. Rozicki, it's important to note that Cohen v. Rozicki did not address 1692G as it was determined that the collection letter or the communication at issue was not an initial collection communication. Thus, the court never evaluated it pursuant to 1692G. The communication was evaluated pursuant to 1692E, which does, in fact, have a materiality component. Additionally, with Cohen v. Rozicki, it was a residential mortgage that was at issue. And as such, there wasn't a statute of limitations distinction, nor was there a usury issue. Counsel also raised the issue that a statute of limitations involved some potential of a consumer being sued. Actually, the statute of limitations is far more important than that. A consumer receiving a collection communication on a debt that is, in fact, barred by the statute of limitations could inadvertently make a payment, reset the statute of limitations. So it's not a matter of waiting on a possibility of a lawsuit. The statute of limitations is, in fact, something that's important when a consumer is evaluating or reviewing a collection letter. What's the statute of limitations if it's Kohl's? If it's Kohl's, it would be a six-year statute of limitations because Kohl's is in Wisconsin. Capital One, it would be three years because Capital One is located in Virginia. Another point I want to address is the definition of creditor. Counsel, as well as the district court, relied on the definition of creditor as defined in 1692A5. But what they... Four. I'm sorry, excuse me, A4. What they failed to... That's a broader definition, but they failed to acknowledge or... They failed to acknowledge that 1692A... 1692G actually places limitations on the broader definition of creditor by using the term current creditor or creditor to whom the debt is owed. The creditor to whom the debt is owed is what it says. There could be lots of creditors, but the requirement is that you list the creditor, singular, to whom the debt is owed. Correct. The broader definition is not applicable here. Another point that I would also like to address is the inappropriate use of the least sophisticated consumer standard. Counsel purports to argue that the least sophisticated consumer wouldn't know about the Statute of Limitations or interest rates, and therefore the disclosure is not required. First, that's not correct. A consumer having access to the Internet would find information on both the Statute of Limitations rule as it applies to New York's jurisdictional rule, as well as information on the interest rate. Information concerning the Statute of Limitations can be found on the New York State court website intended for pro se. Additionally, there's another website by the New Economy Project that provides common defenses to creditor lawsuits that also is directed to New York consumers and it also advises of the New York rule. Stepping back a little bit and just looking at the practicalities, suppose the notice hadn't said anything about our client and it just said the creditor to whom the debt is owed here is Bank One, as you argue, and you owe $50. Would that notice be satisfactory? Capital One. Capital One. If the notice said the creditor to whom the debt is owed is Capital One, yes. If it didn't specify who their client was or anything about Kohl's, that would be satisfactory. It would comply with the statute. It would comply with the statute. How would the customer know anything about this debt? That's not the position that I'm taking respectfully. What we're saying is we're not saying trade out the information. We're saying a description of the debt does not satisfy 1692G's requirement to identify the current creditor. My position is an appropriate disclosure would be Capital One is your current creditor on your Kohl's account. That's an appropriate disclosure. It satisfies the requirements of 1692G where it identifies the creditor to whom the debt is owed, also known as the current creditor, and it gives the description that the defendant is arguing was what was intended. If we agree with you, what is the damage that comes from a violation of 1692G? There's a 1692G. For not including the creditor to whom the debt is owed. Do you mean? I'm sorry, are you asking? I'm just trying to figure out what are the consequences of this violation? The consequences of the violation, it violates the statute. It's a strict liability. I'm sorry. Where does the money go if you win? There's a penalty. There's a penalty, right? Right. Are you suing on behalf of a class? Yes. We didn't get that far. How many customers to whom got this notice? That would be the next step in the litigation to go forward with discovery. Does everybody get attorney's fees as well? The statute provides for an award of attorney's fees, and it provides the statutory damages to a plaintiff who successfully establishes a violation of the Fair Debt Collection Practices Act. There is a statutory penalty of something like $100 or $1,000? The statute provides for up to $1,000. It can be less. $1,000, right. So who will determine what it is? That will be a jury? It would be the court. I'm not presently, as I stand here, aware if a jury demand was made by either of the parties, but the case was dismissed on judgment. I understand. I'm just trying to figure out. I mean, if this is a technical, you know, sort of a footfall, the damages would be determined by the court. It wouldn't have to be $1,000. The court would set a penalty up to $1,000. Right. And, again, the parties never engaged in discovery. There could be a bonafide error defense. I don't know that. This happened very early in the case. But, yes, there will be statutory damages up to $1,000 or $500,000 in the case of a class. All right. One percent of the defendant's net worth. Sorry. Okay. Thank you. Thank you. We'll reserve decision. We had one other matter that was scheduled for argument, but counsel for, well, I guess it was a pro se, and counsel for the respondent, and they have each decided not to argue. So we will adjourn. All right. Thanks very much. Have a good day.